# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JENNIFER BUTLER**, on behalf of herself and others similarly situated, | : <br> : <br> : |
| Plaintiff, | : CASE NO. 2:22-cv-4359 <br> : <br> : JUDGE |
| v. | : <br> : MAGISTRATE JUDGE |
| **VILLAGE CAREGIVING, LLC**, <br> c/o Matthew R. Walker <br> 309 Township Road 1135 <br> Proctorville, OH 45669 | : <br> : **JURY DEMAND ENDORSED** <br> : **HEREON** <br> : <br> : |
| Defendant. | : |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now comes Plaintiff Jennifer Butler ("Named Plaintiff"), individually and on behalf of others similarly situated, for her Complaint against Defendant Village Caregiving, LLC ("Defendant") for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The Ohio Acts claims are brought as a class action pursuant to Federal Rule of Civil Procedure 23. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**I.      JURISDICTION AND VENUE**

1.      This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendant has done substantial business in the Southern District of Ohio.

## II. PARTIES

### A. Plaintiff

4. Named Plaintiff is an individual, a United States citizen, and a resident of the State of Ohio.

5. During the last three (3) years, Named Plaintiff was employed by Defendant.

6. Named Plaintiff primarily worked as an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts.

7. At all times relevant, Named Plaintiff was a Home Health Aide ("HHA"), primarily providing personal services for Defendant's clients. During her employment with Defendant, Named Plaintiff traveled to and from Defendant's clients' residences in Ohio.

8. Named Plaintiff brings this action on her own behalf and on behalf of similarly situated home health employees, and she has given her written consent to bring this collective action to recover unpaid overtime under the FLSA and to recover unpaid overtime under the Ohio Wage Act. Named Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). *Consent to be Party Plaintiff*, attached hereto as **Exhibit A**.

**B.    Defendant**

9.     Defendant is a foreign limited liability company that operates and conducts substantial business activities throughout Ohio. Defendant is a provider of in-home healthcare services and is the largest privately owned home care agency in the United States.[1]

10.    Defendant is an employer and/or a single integrated enterprise that provides a range of healthcare, residential, and home health services such as respite care, hygiene assistance, ambulation, companionship, laundry, cooking, eating assistance, dressing, bathing, and light housekeeping.[2] Defendant currently operates in the states of Ohio, Illinois, Indiana, Iowa, Kentucky, Michigan, Minnesota, Nebraska, North Dakota, Pennsylvania, South Dakota, Tennessee, West Virginia, and Wisconsin.[3]

11.    At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff and other similarly situated employees' working conditions. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

12.    At all relevant times, Defendant has had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and other similarly situated employees at the locations where Defendant operated and at which Named Plaintiff and other similarly situated employees worked. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

---

[1] VILLAGE CAREGIVING, https://villagecaregiving.com/ (last visited Dec. 12, 2022).
[2] *Our Services: Tasks Handled by Our Employees of Village Caregiving*, VILLAGE CAREGIVING, https://villagecaregiving.com/services/ (last visited Dec. 12, 2022).
[3] *Find Your Location: Search for the Village Caregiving Location Closest to You*, VILLAGE CAREGIVING, https://villagecaregiving.com/find-your-location/ (last visited Dec. 12, 2022).

13. At all relevant times, Defendant has had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

14. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to employees at its locations, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

15. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

16. Defendant was an "employer" for the purposes of the FLSA and the Ohio Acts. Defendant is an employer of Named Plaintiff and all other similarly situated employees as those terms are defined in the FLSA and the Ohio Acts.

17. Defendant operates, controls, enterprise, and employ, employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

18. At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

**III. FACTS**

19. Defendant paid Named Plaintiff and other similarly situated employees hourly wages to perform work.

20. Named Plaintiff and other similarly situated employees regularly worked more than forty (40) hours in a workweek.

21. During her employment with Defendant, Named Plaintiff worked as an HHA and provided companionship services, domestic services, home care, and other in-home services for Defendant's clients/patients.

22. During her employment with Defendant, Named Plaintiff and other similarly situated employees regularly performed overtime work without compensation.

23. Named Plaintiff and other similarly situated employees cared for multiple patients (i.e., clients) throughout the day, and, as such, they were required to drive between patients' homes. However, Defendant did not pay Named Plaintiff and other similarly situated employees for their travel time between patients' homes.

24. As a result of Defendant's failure to compensate Named Plaintiff and other similarly situated employees for their travel time between Defendant's patients' homes, Named Plaintiff and other similarly situated employees were not paid one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) in a workweek.

25. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime payment and recordkeeping laws of the United States and of the State of Ohio.

26. During relevant times, Defendant had knowledge of and acted willfully in regard to its conduct described herein. Defendant knew that Named Plaintiff and other similarly situated employees worked overtime without compensation for all overtime hours worked.

27. Defendant's failure to compensate Named Plaintiff and other similarly situated employees as set forth above resulted in unpaid overtime.

28. Upon information and belief, for the three (3) years preceding the Complaint, Defendant applied the same pay practices and policies to all hourly, non-exempt employees at its facilities, including Named Plaintiff.

29. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and other similarly situated employees is unknown at this time, as many of the records necessary to make such calculations are in the possession of Defendant and/or were not kept by Defendant.

## IV. FLSA COLLECTIVE ALLEGATIONS

30. Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in collective, consisting of the following:

> **All current and former hourly employees of Defendant who (1) provided companionship services, domestic services, healthcare services, home care, and/or other in-home services; and (2) traveled to multiple clients' homes in the same day, in any workweek that they were paid for 40 or more hours of work during the 3 years preceding the filing of this Complaint (the "FLSA Collective" or the "FLSA Collective Members").**

31. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees under the FLSA. In addition to Named Plaintiff, numerous putative FLSA Collective Members have been denied proper overtime compensation due to Defendant's company-wide payroll policies and practices. Named Plaintiff is representative of these other similarly situated employees and is acting on behalf of their interests, as well as her own interests, in bringing this action.

32. Named Plaintiff and the putative FLSA Collective Members were all subject to the same policies and/or practices described above, which resulted in unpaid overtime.

33. During some or all of the last three (3) years, Defendant did not compensate Named Plaintiff and the putative FLSA Collective Members all overtime wages earned.

34. The identities of the putative FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

**V.     RULE 23 ALLEGATIONS**

35. Named Plaintiff brings her Ohio Wage Act claims pursuant to Federal Rule of Civil Procedure 23 as a class action on behalf of herself and all other members of the following class:

> **All current and former Ohio employees of Defendant who (1) provided companionship services, domestic services, healthcare services, home care, and/or other in-home services; and (2) traveled to multiple clients' homes in the same day, in any workweek that they were paid for 40 or more hours of work during the 2 years preceding the filing of this Complaint (the "Rule 23 Class" or the "Rule 23 Class Members").**

36. The Rule 23 Class includes all current or former hourly, non-exempt home health employees employed by Defendant throughout the State of Ohio as defined above.

37. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

38. Named Plaintiff is a member of the Rule 23 Class, and her claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

39. Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

40. Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that she has undertaken to represent.

41. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

42. Questions of law and fact are common to the Rule 23 Class.

43. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

44. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Rule 23 Class as a whole.

45. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

46. Questions of law and fact that are common to the Rule 23 Class include but are not limited to: (a) whether Defendant violated the Ohio Acts by failing to pay the Rule 23 Class for travel between Defendant's patients' homes; (b) whether Defendant's violations of the Ohio Acts were knowing and willful; (c) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and other members of the Rule 23 Class on account of Defendant's violations of the Ohio Acts; and (d) what amount of prejudgment interest

is due to Rule 23 Class members for unpaid overtime or other compensation that was withheld or otherwise not paid to them.

47. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

48. All of the preceding paragraphs are realleged as if fully rewritten herein.

49. This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

50. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207(a)(1).

51. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

52. Named Plaintiff and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

53. Named Plaintiff and the FLSA Collective Members were not paid for their travel time between Defendant's patients' homes.

54. Named Plaintiff and the FLSA Collective Members worked in excess of forty (40) hours in one or more workweek(s).

55. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by, *inter alia*, failing to compensate them at one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) hours in a workweek as a result of failing to pay them for their travel time between patients' homes.

56. Defendant also violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq.*

57. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

58. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

59. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

60. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks

unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the FLSA Collective Members.

**SECOND CAUSE OF ACTION:**
**O.R.C. § 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME**

61. All of the preceding paragraphs are realleged as if fully rewritten herein.

62. This claim is brought under the Ohio Wage Act.

63. Named Plaintiff and the Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Wage Act.

64. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

65. Named Plaintiff and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under Section 4111.03 but were not paid overtime wages for this time spent working as a result of Defendant's failure to pay them for their travel time between patients' homes.

66. Named Plaintiff and the Rule 23 Class were not exempt from the wage protections of the Ohio Wage Act.

67. Defendant's repeated and knowing failures to pay overtime wages to Named Plaintiff and the Rule 23 Class Members were violations of Section 4111.03, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Rule 23 Class Members are entitled.

68. For Defendants' violations of Section 4111.03, by which Named Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages, Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the Rule 23 Class Members.

<b>THIRD CAUSE OF ACTION:<br>O.R.C. § 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION</b>

69. All of the preceding paragraphs are realleged as if fully rewritten herein.

70. Named Plaintiff and the Rule 23 Class Members were employed by Defendant.

71. During all relevant times, Defendant was an entity covered by the OPPA, and Named Plaintiff and the Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

72. The OPPA requires Defendant to pay Named Plaintiff and the Rule 23 Class Members all wages, including unpaid overtime, in accordance with Section 4113.15(A).

73. During relevant times, Named Plaintiff and the Rule 23 Class Members were not paid all wages, including overtime wages, at one-and-one-half times (1.5x) their regular rates of pay within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

74. Named Plaintiff and the Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

75. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

<b>FOURTH CAUSE OF ACTION:<br>RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT</b>

76. All of the preceding paragraphs are realleged as if fully rewritten herein.

77. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08.

78. During times material to this Complaint, Defendant was a covered employer and required to comply with the Ohio Wage Act's mandates.

79. Named Plaintiff and the Ohio Rule 23 Class Members were covered employees entitled to the protections of the Ohio Wage Act.

80. During times material to this Complaint, Defendant violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class Members by failing to properly maintain accurate records of all hours that Named Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

81. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

### VII. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C. Certifying the proposed Rule 23 Class under the Ohio Acts;

D. Finding that Defendant failed to keep accurate records in accordance with the Ohio Wage Act and that Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Awarding to Named Plaintiff and the FLSA Collective Members unpaid compensation, including overtime wages, as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Named Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages, as to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

G. Awarding judgment against Defendant for liquidated damages pursuant to the OPPA in the greater amount of $200 per violation or six percent (6%) of all unpaid overtime compensation owed to Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period;

H. Awarding to Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

I. Awarding to Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

J. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K. Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
Tristan T. Akers (0102298)
1550 Old Henderson Rd.
Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
       agedling@mcoffmanlegal.com
       khendren@mcoffmanlegal.com
       takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman