IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JENNIFER BUTLER**, *et al.*, *on behalf of themselves and others similarly situated*, : : : **Plaintiffs**, : : v. : : **VILLAGE CAREGIVING, LLC,** : : **Defendant.** : | Case No. 2:22-cv-04359 <br><br> Judge Algenon L. Marbley <br> Magistrate Judge Elizabeth P. Deavers |

## ORDER

This matter comes before this Court on the parties' Notice of Settlement and Joint Motion to Consent to the Jurisdiction of Magistrate Judge Elizabeth P. Deavers for Settlement Proceedings. (ECF No. 48). The parties submit that they have "reached a settlement in principle," and seek an order referring this case to Magistrate Judge Deavers "for the limited purpose of deciding any motions connected to and/or related to the settlement of this matter." (*Id.* at 1). "If the settlement is not approved or the matter is not otherwise fully resolved," however, the parties "agree that the matter will proceed forward under Judge [] Marbley's jurisdiction." (*Id.*). For the reasons stated below, the Joint Motion (ECF No. 48) is **DENIED WITHOUT PREJUDICE**.

### I.    LAW & ANALYSIS

Where parties consent to have a magistrate judge exercise jurisdiction over the action pursuant to 28 U.S.C. § 636(c), the referral of the case grants the magistrate judge "full authority over dispositive motions, conduct of trial, and entry of final judgment, all without district court review." *Moses v. Sterling Comm (Am.), Ind.*, 122 F. App'x 177, 181 (6th Cir. 2005) (citing *Roell v. Withrow*, 538 U.S. 580. 585 (2003)). Only "extraordinary circumstances" justify vacatur of the reference to the Magistrate Judge at the parties' request. *See* 28 U.S.C. § 636(c)(4); *see also* Fed.

1

R. Civ. P. 73(b)(3) ("[W]hen a party shows extraordinary circumstances[,] the district judge may vacate a referral to a magistrate judge under this rule."); *Moses,* 122 F. App'x at 182 ("A motion to vacate the reference to a magistrate judge should only be granted upon motion of a party if that party shows 'extraordinary circumstances.'" (quoting 28 U.S.C. § 636(c)(4))).

Although the Sixth Circuit has not provided an exhaustive definition of "extraordinary circumstances" for purposes of 28 U.S.C. § 636(c), it is well-established that mere dissatisfaction with a magistrate judge's rulings is not enough. *See Milhous v. Metro. Gov't of Nashville & Davidson Cnty.*, 221 F.3d 1335, 1335 (6th Cir. 2000) (no "extraordinary circumstances" to justify vacatur where party "simply was displeased with the magistrate's rulings"); *Moses*, 122 F. App'x at 182 (party's "distaste for how [] case was being resolved by the magistrate judge" insufficient to justify vacatur); *see also Savoca v. United States*, 199 F. Supp. 3d 716, 721 (S.D.N.Y. 2016) ("The 'extraordinary circumstances' standard is a high bar that is difficult to satisfy."). As the Senate Judiciary Committee explained, this Court's power to vacate a reference to a magistrate judge is "to be exercised *only* where it is appropriate" to proceed "before an Article III judicial officer because of the *extraordinary* questions of law at issue and judicial decision-making is likely to have wide precedential importance." S. Report No. 74, 96th Cong., 1st Sess. 14 (1979) (emphasis added). "It is not intended that this subsection be used to remove routinely certain categories of cases." *Id.*

The Fifth Circuit's decision in *Carter* also offers helpful guidance. *See Carter v. Sea Land Servs., Inc.*, 816 F.2d 1018 (5th Cir. 1987). There, the Fifth Circuit identified several factors to determine whether the "extraordinary circumstances" standard under § 636(c) is satisfied. *Id*. at 1020. Those include: "undue delay, inconvenience to the court and witnesses, prejudice to the parties, whether the movant is acting pro se, whether consent was voluntary and uncoerced,

2

whether the motion is made in good faith or is dilatory and contrived, the possibility of bias or prejudice on the part of the magistrate, and whether the interests of justice would best be served by holding a party to his [or her] consent." *Id*. (citations omitted).

None of the factors outlined in *Carter* provides a basis for this Court to accept the parties' limited consent here. And the parties cite no authority to support their "slippery-slope invitation to read into [28 U.S.C. 636] a rule that would allow a party to express conditional consent to a reference." *Id.* at 1020–21. Indeed, courts in the Sixth Circuit have rejected similar stipulations. *See Canter v. Omega Healthcare Servs.*, 2:23-cv-01037, *1 (S.D. Ohio Jun. 5, 2024) (rejecting parties' consent to the Magistrate Judge's jurisdiction "for the limited purpose of deciding any and all motions connected to and/or related to the settlement of this matter," noting that "[t]hese stipulations depart from the purposes of 28 U.S.C. § 636(c) and the local rules . . . such as judicial economy").

Accordingly, the Joint Motion (ECF No. 48) is **DENIED WITHOUT PREJUDICE**. Should the parties decide to consent to Magistrate Judge Deavers' jurisdiction for all further proceedings, they may so move.

## II.     CONCLUSION

For the foregoing reasons, the Joint Motion to Consent (ECF No. 48) is **DENIED WITHOUT PREJUDICE**. Should the parties decide to consent to Magistrate Judge Deavers' jurisdiction for all further proceedings, they may so move.

**IT IS SO ORDERED.**

                                          **ALGENON L. MARBLEY**
                                          **UNITED STATES DISTRICT JUDGE**

**DATE:  April 14, 2025**